## Richmond

BOARD OF PUBLIC WELFARE OF THE CITY OF RADFORD V. ESTHER JONES CAUDELL BLACKBURN.

January 14, 1974.

Record No. 8249.

Present, All the Justices.

(*John M. Goldsmith; Marshall L. Ellett; Goldsmith & Jenkins*, on brief), for plaintiff in error.

*L. Harvey Neff, Jr.*, for defendant in error.

Case submitted on brief by plaintiff in error.

Per Curiam.

The Board of Public Welfare of the City of Radford (Board) appeals to this Court from an order of the Circuit Court of the City of Radford dismissing three appeals from the Third Regional Juvenile and Domestic Relations Court for the City of Radford. In issue is whether the Board is a "person aggrieved" who may appeal from the judgment of a juvenile court under Code § 16.1-214.

In March 1967, a probation officer filed petitions in the juvenile court alleging that Clara Jean Caudell, Bonnie Sue Caudell and Eva Darlene Caudell were neglected and dependent children. After a hearing, their custody was awarded to the Board. In June 1972, the natural mother of the children, Esther Blackburn, petitioned the juvenile court for a return of the custody of the children. Thereafter,

a hearing was had by the juvenile court, and temporary custody was awarded to Mrs. Blackburn by orders entered August 23, 1972.

The Board noted timely appeals to the circuit court, but on motion of Mrs. Blackburn the appeals were dismissed by the circuit court in an order entered September 11, 1972, on the grounds that the Board was not a "person" within the meaning of § 16.1-214 and did not have a right of appeal.

§ 16.1-214 reads in part:

"From any final order or judgment of the juvenile court affecting the rights or interests of any person under the age of eighteen years coming within its jurisdiction, an appeal may be taken within ten days by *any person aggrieved* to the circuit, corporation, or hustings court having equity jurisdiction of such city or county." (Emphasis added.)

The Board contends here, as it did in the court below, that it is a "person" within the meaning of § 16.1-214. We agree. Code § 1-13.19 provides that:

"The word 'person' may extend and be applied to bodies politic and corporate as well as individuals."

When § 16.1-214 is considered along with § 1-13.19, "person" includes a body politic such as a local board of public welfare, since § 16.1-214 does not specifically limit "any person aggrieved" to a natural person. See Code § 1-13.

The orders in question removed from the Board the care, custody and control of the children which it had under the provisions of Code § 63.1-56 and the court orders of March 1967. The Board was, therefore, "aggrieved" by the orders of the juvenile court awarding temporary custody of the children to the natural mother.

We hold that the Board was a "person aggrieved" within the meaning of § 16.1-214 and was entitled to appeal to the circuit court.

The judgment appealed from will be reversed and the case remanded.

*Reversed and remanded.*