# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Stephens

v.

Commonwealth of Virginia et al.

## Case No. (Chancery) CH941347

By Judge Alfred D. Swersky

### May 18, 1995

This matter is before the Court for a decision on the merits. The parties have stipulated the facts, and argument was heard on the law. Complainant's petition will be granted.

Complainant is the mother of two children, one of whom is now an adult. The children do not have the same father. Ms. Stephens periodically received assistance from the state, and the state is now attempting to collect reimbursement from child support arrearage payments made by the father of one of the children. The state debt for assistance payments made to this particular child has been repaid; however, there is an extensive debt owed to the state for assistance paid on behalf of the other child.

Petitioner argues that there is no basis in law for the Division of Child Support Enforcement (D.C.S.E.) to collect its debt from arrearage payments made on behalf of this child since the debt incurred on her behalf has been satisfied. D.C.S.E. argues that the debt is incurred on behalf of Petitioner and that it should be repaid from funds paid to D.C.S.E. on petitioner's behalf.

The statute, Code of Virginia, § 63.1-251, creates a debtor-creditor relationship between the state and the person responsible for support of the child or responsible for support of the caregiver. It does not create a debt, nor does D.C.S.E. contend that a debt is created, between the state and the caregiver. There is no statutory authorization for the collection of these funds from arrearage payments made on behalf of this child.

Even if the statute authorized a debt owed by the caregiver, these funds, child support arrearage payments, belong to the child, not to the caregiver

and, hence, could not be applied to the caregiver's debt. Respondent claims an assignment was made by Ms. Stephens but has been unable to produce it. Even if made, an assignment that purports to assign these child support payments would be void and facially illegal. *Kelley v. Kelley*, 248 Va. 295 (1994). Absent direct legislative authority to offset this debt from these funds, the state may not do so.

Petitioner's relief sought will be granted, and the state enjoined from further application of these funds to its debt and shall reimburse petitioner for all sums so applied. Since the parties have stipulated as to the amounts involved, there should be no dispute.

## November 6, 1995

Having considered the arguments raised by the Division of Child Support Enforcement and the response of Petitioner to the motion to reconsider, I am satisfied that my original decision is correct.

DCSE may not apply arrearages due for child support for one child to repay the Commonwealth for AFDC payments made to Petitioner for another child. No debtor/creditor relationship with Petitioner is established as to these funds. The purported assignment now attached to this motion does not accomplish an assignment of the specific funds sought by DCSE to be applied to repayment, and even if it does purport to do so, it would be of doubtful validity.

Ms. Freeman should prepare an order denying DSCE's motion to reconsider.