COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

MICHAEL EVANS

v.   Record No. 1290-95-1                MEMORANDUM OPINION[*]
                                              PER CURIAM
DIVISION OF CHILD SUPPORT ENFORCEMENT
O/B/O SARAH LIGHT

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                         Jerome James, Judge

          (Jon M. Babineau; Doyle & Babineau, on brief), for
          appellant.

          (James S. Gilmore, III, Attorney General; William H.
          Hurd, Deputy Attorney General; Siran S. Faulders,
          Senior Assistant Attorney General; Craig M. Burshem,
          Regional Special Counsel; Betsy S. Elliott, Senior
          Special Counsel, Division of Child Support
          Enforcement; Beth J. Edwards, Regional Special
          Counsel, Division of Child Support Enforcement; Betsy
          D. Jenks, Special Counsel, Division of Child Support
          Enforcement, on brief), for appellee.


     Michael Evans appeals the decision of the circuit court

denying his motion to reduce child support.  Evans raises two

issues on appeal:  (1) whether the circuit court lacked

jurisdiction to hear the de novo appeal from the juvenile and

domestic relations district court; and (2) whether the circuit

court erred by refusing to reduce the child support payments.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On June 17, 1993, Evans was ordered to pay $351 in monthly child support to Sarah Light for their son, Christopher. In April 1994, Evans filed in the juvenile court a motion to reduce his child support payments to Light. In support of the motion he alleged that he had had an "increase in the number of dependent family members" upon the birth of a child on March 5, 1994. On October 24, 1994, the juvenile court terminated Evans's future duty of support, based in part upon a representation that custody had been changed from the mother to the child's grandparents and an agreement between Evans's counsel and the Commonwealth's Attorney. On November 18, 1994, Letters of Guardianship over the person of Christopher were issued to his maternal grandparents by the Probate Court of Lake County, Ohio.

On November 17, 1994, the Division of Child Support Enforcement (DCSE) appealed the juvenile court's decision. The circuit court found that there had not been a significant change in circumstances meriting a decrease in child support, reinstated Evans' child support payments, and assessed an arrearage.

### Jurisdiction of the Circuit Court

An appeal may be taken "[f]rom any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction." Code § 16.1-296. The de novo hearing at the circuit court is "a trial anew, with the burden of proof remaining upon the party with whom it rested in the juvenile court." Box v. Talley, 1 Va. App. 289, 292, 338

2

S.E.2d 349, 351 (1986). See Code § 16.1-136. "[A]n appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial." Walker v. Department of Public Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982).

Evans contends that the circuit court lacked jurisdiction to hear the appeal from the district court because Christopher's maternal grandparents had been named his guardians. We disagree. When the father filed his petition in the juvenile court, the mother was the custodial parent and was a proper party to the litigation. As a proper party, the mother had a right to appeal the juvenile court's adverse ruling. See Code § 16.1-296; Board of Pub. Welfare v. Blackburn, 214 Va. 425, 201 S.E.2d 352 (1982). Whether the child's grandparents were granted guardianship of the child's person at a point after entry of the district court's order and after the DCSE perfected its appeal did not negate the circuit court's jurisdiction to consider the mother's appeal.

Similarly, any agreement between Evans's counsel and the Commonwealth's Attorney did not bar the circuit court's exercise of its jurisdiction. "The consensual nature of the judgment from which the appeal was taken is not a limitation imposed by statute upon the right to appeal." Cox v. Cox, 16 Va. App. 146, 149, 428 S.E.2d 515, 517 (1993).

The record establishes that the father instituted the action

3

in juvenile court to reduce his support payments because of the birth of a child for which he had an obligation to support. When the matter was appealed to the circuit court, the father did not amend his motion to reduce support and add as an additional change in circumstance the change in the child's custody. See Code § 20-108.1. Thus, the circuit judge did not err in considering the appeal only with respect to the issue raised by the motion originally filed in the juvenile court commencing the action (i.e., whether the father's support payments should be decreased because of an increase in his other support obligations.)

For these reasons, we hold that the circuit court had jurisdiction to hear the appeal from the district court.

Reduction in Child Support

As the party seeking to modify an existing order of child support, Evans was required to prove "both a material change in circumstances and that such change justifies an alteration in the amount of support." Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987). It is well-settled that "[b]oth parents owe a duty of support to their minor children." Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994). "[P]arents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support." Id.

The circuit judge considered the statutory factors and

4

computed the amount of child support for which Evans would be responsible under the statutory guidelines.  The circuit judge allowed a deviation based upon the birth of Evans's new child, but determined that the amount of support owed by Evans under the guidelines exceeded the current monthly child support payment of $351.  Therefore, the circuit judge found that Evans had failed to demonstrate that the change in circumstances warranted a reduction in his child support payments.

The circuit judge's finding was supported by credible evidence and not an abuse of discretion.  Accordingly, the decision of the circuit judge is summarily affirmed.

Affirmed.