COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JAMES RICHARD BOYLES

v.   Record No. 2050-95-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
SELINA M. BOYLES                             APRIL 30, 1996


                                     FROM THE CIRCUIT COURT OF
THE CITY OF VIRGINIA BEACH
                 A. Bonwill Shockley, Judge

          (James R. Boyles, pro se, on brief).

          No brief for appellee.



     James R. Boyles (father) appeals the decision of the circuit

court (a) granting the motion of Selina M. Boyles (mother) to

move from the Virginia Beach area to Charlottesville, and (b)

denying father's injunction to bar the move.  Father raises the

following issues on appeal:

          (1)  whether the trial court abused its
               discretion by failing to determine
               if the proposed move was in the
               best interests of the children;

          (2)  whether the trial court abused its
               discretion by failing to apply a
               material change in circumstances
               test;

          (3)  whether the trial court abused its
               discretion by not allowing father
               to present all of his evidence;

          (4)  whether the trial court abused its
               discretion by denying father's
               motion to rehear; and

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> (5) whether the trial court abused its
> discretion by modifying the
> parties' contract.

Upon reviewing the record and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

The decision of the trial court is presumed to be correct and father bears the burden to prove by the record that the trial court erred.

> The trial court's decision, when based upon
> an ore tenus hearing, is entitled to great
> weight and will not be disturbed unless
> plainly wrong or without evidence to support
> it. It is appropriate that this be the rule
> governing our review of appeals because the
> trial judge was in a position to see and hear
> the witnesses, and to closely examine the
> evidence. As such, his findings are entitled
> to an appropriate degree of respect.

Simmons v. Simmons, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986). Here, evidence of the proceedings before the trial court is contained in the written statement of facts, composed of father's proposed statement and mother's supplementary objections and additions. We review father's contentions based upon the record and the written statement of facts.[1]

Under the terms of the parties' Stipulation and Agreement, incorporated into the November 9, 1994 court order, mother agreed

---

[1] Father's opening brief contains allegations referring to events which are not part of the record on appeal and thus cannot be considered by this Court. Rule 5A:7.

2

"so long as she has custody . . . [to] live within a reasonable commuting distance of [father] so as not to cause undue hardship upon [father], regarding the travel time or expenses necessary to effect the aforementioned visitation."  In the hearing on mother's motion to move to Charlottesville from the Virginia Beach area, the trial court noted that mother's relocation was barred under the terms of the Agreement.  The court then required mother to present evidence supporting the move.  Mother testified that she was moving to an area where she had siblings and family support.  Mother presented evidence showing that father continued to contact and harass her, despite previous court orders requiring no contact.  Mother also presented evidence that father's derogatory comments to the children about mother were found to constitute mental child abuse by the Virginia Beach Department of Social Services.  The trial court granted mother's motion.

## Best Interests of Children

Father contends the trial court abused its discretion by allowing mother's relocation with the children without considering whether the move was in the best interests of the children.  "It is well settled in Virginia that the best interests of the children controls the issue of a change of custody or the issue of a custodial parent moving the children to another state."  Simmons, 1 Va. App. at 362, 339 S.E.2d at 200. Although the move in this instance was intrastate, the concerns

3

raised by father were identical to those raised in an interstate context.

The court's order contains no express recitation that the move was in the best interests of the children. However, the record indicates that there was credible evidence from which the trial court could conclude that mother's move did promote the children's best interests. Father's visitation rights had previously been limited. By order dated May 19, 1995, the trial court restored father's visitation rights, subject to the requirement that father's mother or sister supervise visitation at all times. Both parties were enjoined from "subjecting the children to derogatory remarks concerning the parties or other family members; . . . and from questioning the children regarding the activities of either parent." The record supports the conclusion that father harassed mother and that his derisive comments about her to the children rose to the level of child abuse. Mother's motion indicated that father's actions had made it "impossible for her to remain in this geographic area and live her life with any modicum of peace and privacy." Cards and letters introduced by mother at the hearing demonstrated father's continued contacts with mother in contravention of previous court orders.

The court required mother to drive the children to Norfolk every other weekend in order to facilitate father's regular visitation. Father was required to return the children to

4

Charlottesville on Sunday nights.  This arrangement imposed additional travel time and accompanying expense on both parties, although the visitation schedule was left substantially unchanged.  While father alleges that he will lose over one hundred days of visitation annually, the record indicates his visitation rights had been curtailed previously due to his harassment of mother and his inclusion of the children in that harassment.

> [Q]uestions of custody and removal from the noncustodial parent's state of residency involve a balancing of interests.  More often than not there are advantages and detriments on both sides of the issue.  A trial court's role is to weigh those concerns and conscientiously seek the solution that serves the best interests of the children.

Id. at 364, 339 S.E.2d at 201-02.  While this move does not take the children from father's home state, the trial court was faced with a similar balancing of concerns.  Credible evidence supports the conclusion that mother's relocation would separate the parents without harming father's relationship with the children and that the result would promote the children's best interests.  Therefore, we do not find an abuse of discretion on the part of the trial court.

### Material Change in Circumstances

Father alleges that the trial court failed to apply a material change in circumstances test before allowing mother to move.  "[W]henever the evidence suggests . . . that the relocation of the custodial parent may not be in the child's best

5

interests, the relocation of the custodial parent constitutes a material change of circumstances." Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994). A material change in circumstances may warrant a reexamination of current custody or support arrangements. Id.

The evidence indicated that mother's relocation was in the best interests of the children. Because mother was the custodial parent and because the court determined that the move was in the children's best interests, we find no error in the failure of the trial court to specifically articulate whether the relocation constituted a material change of circumstances warranting a reexamination of custody.

### Presentation of Evidence

Father contends that he was not allowed to present all his evidence at the August 4, 1995 hearing. The written statement of facts does not support father's contention. Moreover, the admission of evidence is a matter committed to the discretion of the trial court and the court's decision will not be reversed in the absence of an abuse of its discretion. Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 132, 409 S.E.2d 460, 465 (1991).

Similarly, father contends the trial court abused its discretion by refusing to hear evidence in support of his August 22, 1995 motion to rehear. "The decision whether to grant or deny a rehearing is within the trial court's sound judicial

6

discretion."  <u>Hughes</u>, 18 Va. App. at 326, 443 S.E.2d at 453.  We find no evidence of an abuse of discretion, and thus will defer to the trial court's decision because it ruled "with the benefit of the credibility determinations made during the prior <u>ore</u> <u>tenus</u> hearing."  <u>Id.</u>

Modification of Contract

Father's last argument is that the trial court's order allowing mother to move violated Virginia law because it was contrary to the terms of the parties' Stipulation and Agreement.  The agreement was incorporated into the court's order.  It therefore was modifiable by order of the court.  Code § 20-109.1.  Moreover, the court retains authority over matters pertaining to the custody and visitation of children.  Code § 20-108.  <u>See</u> <u>Kelley v. Kelley</u>, 248 Va. 295, 298, 440 S.E.2d 55, 56 (1994).  As such, the agreement did not bar the trial court from entering an order approving mother's relocation.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>