## CIRCUIT COURT OF LOUDOUN COUNTY

Reinaldo Reinaldo

v.

Gloria Reinaldo

September 26, 1996

Case No. (Chancery) 13137

BY JUDGE JAMES H. CHAMBLIN

On September 20, 1996, counsel argued the legal effect of the Amended Property Settlement Agreement executed by the parties on May 1, 1992. After consideration of the argument of counsel and the authorities cited, I find as follows:

(1) The provisions of the Amended Agreement relieving either party of a past or future child support obligation are null and void; however,

(2) The provisions in the Amended Agreement changing custody from the mother, Gloria Reinaldo, to the father, Reinaldo Reinaldo, and eliminating his obligation to pay child support under the final decree of divorce entered March 4, 1991, do form the basis for a credit to the father for the portion of child support arrearages during the time he assumed custody of the child and provided for her total support.

The parties have one child, a daughter born on July 24, 1979. They separated in December, 1989. They executed a Separation and Property Settlement Agreement in February, 1990, which gave the mother sole custody of their child and provided for the payment of child support by the father to the mother. The aforesaid Property Settlement Agreement was affirmed, ratified, and incorporated in the final decree of divorce entered March 4, 1991.

About February, 1992, the father filed a motion to reconsider the child support. The motion was never heard because the parties reached an agree-

ment as set forth in the Amended Agreement executed May 1, 1992. The Amended Agreement provides, in pertinent part, as follows:

That the parties hereto wish to enter this Agreement amending their Property Settlement Agreement dated February 9, 1990; that it is intended that this Amended Agreement will be presented to the Family Court of Loudoun County, Virginia, as evidence that the parties have settled to their satisfaction all matters of custody, child support, arrearages, and visitation.

### 1. *Custody, Child Support, and Visitation*

(a) It is agreed by and between the parties hereto that the mother and father shall have joint custody of the minor child of the parties, Christi Michelle Reinaldo, born July 24, 1979, and this child's primary place of residence shall be with the father. That the mother, Gloria L. Reinaldo, agrees that placing physical custody of said child with the father, Reinaldo Reinaldo, is in the best interest of the child.

(b) That the said father, Reinaldo Reinaldo, shall no longer be obligated to pay child support for the minor child. That the parties agree that if there is an order or directive of any Court requiring the father to pay child support, the parties hereto agree to jointly move the Court to terminate same.

(c) That it is agreed between the parties, effective upon the execution of this Agreement, that the father, Reinaldo Reinaldo, is not now in arrears for child support.

(d) In consideration of the mother's waiver of significant sums of past due child support, the parties agree that the mother, Gloria L. Reinaldo, will have no financial obligations or be required to pay child support to the father while he has physical custody of said child. The parties agree that the child is not in need of support from the mother and that the father is well able to pay such amounts that are necessary for the support of the child and that the parties agree that the best interest of the minor child is served by not requiring the mother to pay any support.

On June 5, 1992, the Amended Agreement was filed with the Court. It has never been affirmed, ratified, or incorporated in any order or decree of this Court.

The parties have stipulated that from February, 1992, until the middle of April, 1993, the daughter lived with her father.

Parents cannot contract away the legal duty of support, which is an equal obligation of both parents. *Kelley v. Kelley*, 248 Va. 295, 298 (1994). Any agreement between parents which substantially abridges a child's right to receive support from both parents is null and void. *Kelley*, 248 Va. at 298. Therefore, all the provisions in the Amended Agreement which eliminate either the father's or the mother's obligation to pay child support are null and void. Specifically, such provisions are sub-paragraphs a, b, and c of paragraph 1 set forth above.

But the inquiry does not end here because counsel argued the effect of the daughter's coming to live with the father as agreed to by the mother in the Amended Agreement. The father is under an existing court order (the final divorce decree) from March, 1991, to pay child support. It has not been modified.

Even if the provisions relating to the elimination of a child support obligation are null and void under *Kelley*, it should not work a windfall for or unjustly enrich the wife for the reasons cited in *Acree v. Acree*, 2 Va. App. 151 (1986). Under *Acree*, if a custodial parent voluntarily agrees to relinquish custody on a permanent basis and to eliminate support payments, and if the agreement is fully performed, then the parent with the court-ordered obligation to pay child support is granted a credit toward the child support due for the period of time that parent assumed the custody and total support of the child. The agreement is fully performed when the custody is changed voluntarily under the agreement to eliminate support payments. It is fully performed until the custody is changed back to the mother.

The rule in *Acree* is one of reason and one of equity. By assuming custody and total support of the child, the husband fulfills his obligation under the decree. The support is for the child, not for the mother. Stopping payments when he assumes custody of the child is not done unilaterally just to suit the convenience of the husband. *Acree*, 2 Va. App. at 158.

For these reasons, both *Kelley* and *Acree* apply to the facts of this case.