COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Duff and Overton
Argued at Alexandria, Virginia


JULIA MARIE BEACH
                                    MEMORANDUM OPINION* BY
v.    Record No. 0808-98-4          NELSON T. OVERTON
                                         APRIL 27, 1999
RICHARD JEROME KURTZ


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    J. Howe Brown, Jr., Judge

          James A. Watson, II (Surovell, Jackson,
          Colten, Dugan, P.C., on briefs), for
          appellant.

          Sandra L. Havrilak (Marlene M. Hahn; Hicks &
          Havrilak, on brief), for appellee.


     Julia Marie Beach (mother) appeals the decision of the

circuit court refusing her motion for increased monthly child

support payable from Richard Jerome Kurtz (father).  On appeal,

mother contends that the trial court erred in finding that there

was no material change in circumstances warranting a change in

child support.  Mother contends that the trial court (1) abused

its discretion by concluding that there was no change in

circumstances although mother's expenses and time with the child

had significantly increased while father's expenses had

significantly decreased since entry of the final decree; (2)

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

failed to consider the child's best interests; and (3) erred by not finding that the parties' agreement was void. We affirm the decision of the trial court.

The parties, both attorneys, separated in 1993. They had one child, born in 1991. On September 20, 1993, the parties executed a Separation and Property Settlement Agreement which set out, among other provisions, their detailed agreement concerning child support and custody. The parties agreed to share joint legal and physical custody of their child until she began school, and then to establish a new physical custody schedule when the child started kindergarten. The parties also agreed to calculate child support based upon their child's actual expenses, rather than the statutory guidelines; to adjust the child support automatically in ways set out in the agreement; and to base their respective support payments upon their proportionate share of the joint total income. By express language, "[i]n no event shall a voluntary cessation of employment relieve the unemployed Party from their child support obligations." The agreement was incorporated into the parties' final decree of divorce entered May 30, 1995.

Each party filed a motion to modify the parenting schedule shortly before the child began kindergarten. By order enter September 12, 1997, the trial court awarded mother physical custody of the child during the school year and father physical

custody during the summer.  The court reserved its decision on a modification of support.  Following an _ore_ _tenus_ hearing, the trial court ruled that there was no material change of circumstances warranting a modification of support.  Mother appealed.

## Material Change in Circumstances

As the party seeking to modify child support, mother was required to prove that there had been a material change in circumstances since the court's last support order and that the change justified a modification in support.  See Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987).

> A material change in circumstances, standing alone, does not provide a basis for the trial court to modify its support decree.  A modification is appropriate only after the court has considered the material change in circumstances in relation to the factors set forth in Code § 20-108, namely, the present circumstances of both parties and the benefit of the children.

Id.  "Code § 20-108 gives the divorce court continuing jurisdiction to change or modify its decree concerning the custody and maintenance of minor children, and a contract between husband and wife cannot prevent the court from exercising this power."  Featherstone v. Brooks, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979).  Contracts between parents that purport to waive the child's right to support and to limit a court from exercising its jurisdiction over child support are

void ab initio.  See Kelley v. Kelley, 248 Va. 295, 298, 449
S.E.2d 55, 56 (1994).

Mother contends that the trial court failed to conduct a
proper review because it erred in finding that she failed to
establish a material change in circumstances.  Mother's
contention is refuted by the trial court's order, which sets out
the trial court's findings.  Specifically, we disagree with
mother that the trial court failed to find a change in
circumstances.  In its order, the trial court found:

> It further appearing to the court that there
> has not been any change in circumstances
> justifying a change in support from that
> contemplated in the Property Settlement
> Agreement, which support was incorporated
> into the Final Decree of Divorce entered on
> May 30, 1995.

(Emphasis added.)  The trial court found that the changed
circumstances included mother's voluntary unemployment without
legal justification.  The trial court then noted:

> It further appearing to the court that the
> provisions for the benefit of the child
> incorporated into the Property Settlement
> Agreement were complex and interrelated and
> served the best interest of the child and
> that to upset the balance which includes
> many items for the benefit of the child that
> might not otherwise be there such as college
> expense and insurance, because one party
> chooses to quit working is improper.

It is apparent from the trial court's order that it found
that the parties' circumstances had changed but that those

–4–

changes, specifically mother's change in employment status, did not warrant a modification in support. The trial court calculated the presumptive amount of child support under the statutory guidelines but found that, in light of the agreement which "was heavily negotiated by the parties, both knowledgeable attorneys, and was done in the best interest of the child that application of the presumptive child support guideline amount continues to be unjust and inappropriate in this case." See Code § 20-108.1(B).

The circumstances had changed since the time the agreement was incorporated into the final decree. Mother voluntarily stopped working, leaving a position which paid $5,512 a month.[1] The physical custody schedule had been modified to accommodate the child's entry into elementary school, so that mother had the child a greater portion of the year. While the parties no longer had child care expenses, which father had paid, mother testified that the child's monthly expenses remained $1,200, which was the same figure estimated at the time the parties entered into their support agreement.

Changes in circumstances were expressly considered by the parties at the time they entered into their comprehensive

---

[1]Wife's promotion was effective before she actually separated from her employment, but she never received a paycheck reflecting that promotion.

property settlement agreement. They recognized the likelihood of future changes in their respective incomes and the child's expenses. They provided a means by which actual expenses would be proportionately distributed, based on the occurrence of certain specific events or on a variation in the actual physical custody. They expressly and repeatedly indicated their belief that it was in the child's best interests that support be based upon the child's actual expenses rather than the presumptive guideline amount. Therefore, we find mother's contention that the trial court abused its discretion in failing to find a material change in circumstances to be without merit.

<u>Best Interests of the Child</u>

Mother also contends that the trial court failed to consider the best interests of the child because father was required to pay mother only $30.94 monthly, rather than his appropriate share of the presumptive guideline amount of $720. We disagree. The trial court expressly found that the agreement was in the child's best interests due to the wide range of additional benefits which the agreement ensured the child. Moreover, under the terms of the agreement, father's actual expenses for medical expenses, lessons, and other items were payable in addition to the net payment of $30.94 to mother. Evidence supports the trial court's finding that the agreement continued to be in the child's best interests.

## Void Contract

Finally, mother argues that the trial court erred in enforcing the agreement. Mother contends that the agreement is void because it limits the amount of support the child is entitled to receive from both parents. We disagree. Unlike the contract found to be void in <u>Kelley</u>, nowhere in this agreement did the parties attempt to circumvent their respective obligations to pay child support. On the contrary, the parties are to be commended for their repeated emphasis on the child's best interests and their consideration for equitably splitting actual expenses arising in the child's life, as well as providing for the general needs of food, shelter, and clothing. If the trial court had found that the agreement was not in the child's best interest, no provision attempted to bar the court's exercise of its authority to order child support in a manner other than that set out in the parties' agreement. Therefore, we find no error in the trial court's decision to enforce the agreement.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>