COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


KOOROSH AZANDEH

                                                          MEMORANDUM OPINION[*]
v.       Record No. 1064-10-4                                    PER CURIAM
                                                              DECEMBER 21, 2010
SIMINDOKHT OKHRAVI AZHANDEH


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

(Jahangir Ghobadi, on briefs), for appellant.

(Fred M. Rejali, on brief), for appellee.


Koorosh Azandeh (father) appeals an order in which the trial court ruled that the child

support provision in the parties' property settlement agreement was null and void and established

child support pursuant to the guidelines.  Father argues that the trial court erred by ruling that the

parties' property settlement agreement relative to the early and advance payment of child support

was null and void.[1]  Upon reviewing the record and briefs of the parties, we conclude that this

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Father also argued that the trial court erred by (1) refusing to enforce the child support agreement of the parties and (2) failing to hold that the mother was estopped to challenge the agreement of the parties after she had sought a court order enforcing the agreement.  Father listed these issues as questions presented; however, he failed to list them as assignments of error. Effective July 1, 2010, Rule 5A:20(c) was revised to state that appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."  Pursuant to the revised rules, this Court considers only assignments of error, and as such, will not consider the additional issues listed as questions presented.  We find that this failure to comply with Rule 5A:20 is significant.  Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).  Moreover, father failed to show where these two issues were preserved in the record.  This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Father and Simindokht Okhravi Azhandeh (mother) were married in 2001 and separated in 2008. The parties reached an agreement on custody, support, and equitable distribution. On December 9, 2009, the parties acknowledged their agreement in open court and placed it on the record. The parties agreed that mother would have sole legal and physical custody of the child and father would have visitation. In addition, the parties agreed that "[w]ife shall not seek child support for the first 10 years from the date of the effect from this marriage and husband is going to forego his share of the marital assets in consideration and transfer that to the mother for the benefit of the child." Counsel then commented, "Now both parties have been advised on the procedural possibilities and enforceability of a clause like that but they choose to trust each other on that issue." Counsel later clarified that the ten years would commence as of February 1, 2010.

The trial court entered the final decree of divorce on January 7, 2010. The parties' agreement, as stated and placed on the record and acknowledged by the parties, was ratified, affirmed, and incorporated into the final decree.

On February 23, 2010, mother filed a motion for child support. On April 1, 2010, father filed his objections to the motion, and argued that mother violated the agreement by seeking child support. On April 22, 2010, the trial court entered an order holding that the agreement "relative to child support is null and void because it is violative of clearly established law." The trial court ordered father to pay $805 per month in child support pursuant to the guidelines.[2] Father timely noted his appeal.

---

[2] Father does not dispute the trial court's calculation of the guideline amount for child support.

ANALYSIS

Child support provision

Father argues that the trial court erred in finding that the child support provision in the parties' agreement was null and void.

Mother argues that the ruling in Kelley v. Kelley, 248 Va. 295, 449 S.E.2d 55 (1994), applies to this case. In Kelley, the parties agreed that in exchange for husband transferring all of the equity in the marital home to wife, husband would never be responsible for child support, and if a court ordered him to pay child support, wife would reimburse him. The Supreme Court of Virginia held that "the challenged provision of the Agreement is null and void because it is violative of clearly established law." Id. at 298, 449 S.E.2d at 56. The Court held that "parents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support." Id. "[T]he rights of children to support and maintenance . . . cannot be impinged by contract, and any contract purporting to do so is facially illegal and void." Id. at 299, 449 S.E.2d at 57.

Father argues that this case differs from Kelley because mother and father agreed that father would start paying child support in ten years; therefore, father was not completely relieved of his obligation to pay child support.

This Court explained the rule in Kelley and clarified the limitations of child support agreements:

> Our cases applying Code § 20-109.1 place only three limitations upon the parties' right to contract regarding child support. First, the court must review the provisions of the agreement for their consistency with the best interests of the child or children whose welfare the agreement addresses. . . . Second, the parties may not, by agreement, prevent the court from exercising its power to change, modify, or enforce its decree concerning the custody and maintenance of minor children. . . . The third limitation, emanating from the first two, prohibits the parties from terminating by contract a parent's duty to support a child.

Shoup v. Shoup, 37 Va. App. 240, 250-51, 556 S.E.2d 783, 788 (2001) (en banc) (citations omitted).

Here, the parties' agreement affected the trial court's ability to exercise its power to determine child support because their agreement states that mother will not seek child support for ten years. Therefore, father's child support obligation is terminated for those ten years. This provision, "in effect, placed upon [mother] the sole duty of support" for the next ten years. Kelley, 248 Va. at 298, 449 S.E.2d at 56.

Father argues that the trial court's ruling unfairly divides the parties' assets because wife received all of the equity in the marital residence and he was relieved of only two months of child support. Father mistakenly combines equitable distribution and child support. "Child support has long been recognized as an obligation owed to the infant child, not the payee parent." Hur v. Virginia Dep't of Soc. Servs. Div. Of Child Support Enforcement ex rel Klopp, 13 Va. App. 54, 58, 409 S.E.2d 454, 457 (1991). The equity in the marital residence is a separate issue from child support. Mother did not receive a "huge windfall" because the trial court ordered father to pay child support. Rather, *the child* obtained her right to receive support from both parents.

Accordingly, the trial court did not err in finding that the child support provision in the parties' agreement was null and void since it terminated father's child support obligation and affected the trial court's ability to modify child support for ten years.

### Attorney's fees and costs

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>