# CIRCUIT COURT OF ROANOKE COUNTY

Jonathan Jeffrey Whittaker

v.

Dawn Elizabeth Whittaker

February 13, 2013

Case No. CL13-288

By Judge Clifford R. Weckstein

In this case, the plaintiff's counsel has taken depositions, prepared a proposed *a vinculo* decree, and submitted the action to the court for decision. I must decline to enter the proposed decree.

### *The Public Policy of the Commonwealth; Inconsistency between Post-Nuptial Agreement and the Proposed Decree*

The proposed decree says that:

> there are no support provisions made by the terms of this Order and the parties do understand that the support of the infant child is a right of the child and not of the parties and either party may file a Petition with the Court of appropriate jurisdiction requesting that a child support Order be entered for the benefit of Marcus Whittaker.

In my view, the parties' understanding, as stated in that sketch decree, is inconsistent with the explicit language of their post-nuptial agreement. The proposed decree is of course endorsed only by counsel for the plaintiff-husband. Eleven days ago, the defendant-wife accepted service, and, in a notarized writing, waived maturity of the cause, agreed to the taking of depositions, asked that a final decree be entered as soon as possible dissolving the marriage and approving and incorporating the post-nuptial agreement, and stated that "I will not be filing a pleading in this matter." The post-nuptial agreement provides for the parties to have joint legal custody of Marcus, who just turned sixteen, "with physical custody being awarded" to the father, and liberal visitation to the mother. After discussing medical expenses and health insurance, the agreement continues:

9. The parties hereto agree that Wife will assist Husband in payment of clothes and other school expenses for the benefit of Marcus Whittaker and there shall be no child support awarded to Husband to be paid by Wife.

The proposed decree, which contains the language quoted above, also would ratify, affirm, approve, and incorporate the post-nuptial agreement, and direct the parties "to strictly abide by the terms of the property settlement agreement."

Inconsistency between the agreement and the proposed decree is not the greatest problem. Let us return now to the days of yesteryear and *Kelley v. Kelley*, 248 Va. 295, 449 S.E.2d 55 (1994). In *Kelley*, the court said:

the parties agreed that the "Husband shall never be responsible for payment of child support." The Wife agreed "never to file a petition in any court" requesting support for the children. The Wife covenanted that, if a court ordered the Husband to pay child support, she would reimburse the Husband for all sums paid by him. She further agreed to hold the Husband harmless for any amount of child support he was required to pay.

*Id.*, at 299. "Clearly," the Supreme Court said:

the parties contracted away the Husband's legal duty to support his children and, in effect, placed upon the Wife the sole duty of support. Additionally, the Wife's ability to contribute to the support of the children was adversely affected. Thus, the children's rights to receive support from both parents were substantially abridged, and the court's power to decree support was diminished. We hold, therefore, that the challenged provision of the Agreement is null and void because it is violative of clearly established law.

*Id.* The present agreement does not go as far as the agreement in *Kelley*. Nevertheless, I am satisfied that a provision that "there shall be no child support awarded to Husband to be paid by Wife" is, like the provision in *Kelley*, contrary to public policy. "[P]arents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support." *Id.* Yet that is precisely what the language of the post-nuptial agreement attempts to accomplish.

A court likely would take a different view if the post-nuptial agreement combined the mother's undertaking to assist with educational and clothing expenses with language similar to that contained in the sketch decree, but it does not. Under Va. Code § 20-109.1, the court has the power to affirm,

ratify, and incorporate by reference "any valid agreement between the parties." Because I find that the child support provisions of this agreement are not valid, I cannot approve or incorporate the post-nuptial agreement.

(To be sure, the defendant, Elizabeth Dawn Whittaker, has not objected to the post-nuptial agreement. Rather, her waiver includes a request that the court approve the document. In this case, as in *Kelley*, where both parties were represented by counsel, the court, as it must, raises the public policy question on its own motion. "The Commonwealth is an interested third party to every divorce suit, because the dissolution of a marriage is not solely the concern of the immediate parties. . . . [I]t is the duty of the court to see that the public policy of the State . . . is not violated." *Raiford v. Raiford*, 193 Va. 221, 228, 68 S.E.2d 888, 893 (1952).)

There is a second and less significant problem with the decree that I mention now in case the parties decide to amend their post-nuptial agreement.

### Compliance with Virginia Code § 20-108.1

Section 20-108.1 provides, in part, that "there shall be a rebuttable presumption in any judicial or administrative proceeding for child support . . . that the amount of the award which would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded."

"In order to rebut the presumption," the statute continues:

the court shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case. The finding that rebuts the guidelines shall state the amount of support that would have been required under the guidelines, shall give a justification of why the order varies from the guidelines, and shall be determined by relevant evidence pertaining to the [enumerated] factors affecting the obligation, the ability of each party to provide child support, and the best interests of the child.

Even if the parties were to amend their post-nuptial agreement and tender both an agreement and a decree containing language like that in the sketch decree, "there are no support provisions made by the terms of this Order and the parties do understand that the support of the infant child is a right of the child and not of the parties and either party may file a Petition with the Court of appropriate jurisdiction requesting that a child support Order be entered for the benefit of Marcus Whittaker," the decree could not be entered

unless it contained the findings, including the amount of the presumptive child support award, required by § 20-108.1.

Divorce is, of course, purely a creature of statute. *Pretlow v. Pretlow*, 177 Va. 524, 548, 14 S.E.2d 381, 387 (1941). If the General Assembly mandates that a divorce decree contain something then, a judge is obligated, unless the legislature's requirement is unconstitutional or otherwise unenforceable, to adhere to the legislative command.

I will be glad to consider any arguments counsel wish to make or authorities that counsel might cite. Otherwise, would counsel for the plaintiff please either revise the post-nuptial agreement and decree in accordance with the views expressed in this opinion letter or prepare and tender an appealable final order, incorporating this opinion letter.