Present:  All the Justices

DONALD A. DEAN, JR.

v.  Record No. 011154    OPINION BY JUSTICE ELIZABETH B. LACY
                                        April 19, 2002
M. LEE DEARING

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

In this case, we are asked to determine whether a public official can use the "small group theory" to meet the "of and concerning" element of a claim for defamation.

Following his confrontation with and arrest by the Elkton chief of police, M. Lee Dearing, the mayor of Elkton, made a number of statements alleging corruption, dishonesty, and felonious conduct by the Elkton police department. From February through November 1999, Dearing accused the police department of intimidating witnesses, stealing property, harassment, misappropriation of money, and improperly disposing of drug and gun evidence. These statements were published in newspapers serving the Elkton community. At that time, the Elkton police department had from five to eight members.

Donald A. Dean, Jr., a member of the Elkton police force, instituted this defamation action against Dearing on the basis of these statements, seeking compensatory and punitive damages. Dearing filed a demurrer asserting that the motion for judgment did not state a cause of action for defamation

because, inter alia, the complained of statements referred to conduct of the Elton police force and were not "of and concerning" Dean specifically.  In response, Dean, relying on Ewell v. Boutwell, 138 Va. 402, 121 S.E. 912 (1924), asserted that he met the "of and concerning" element through the application of the "small group theory."

The trial court sustained Dearing's demurrer and dismissed the motion for judgment, holding that under New York Times Co. v. Sullivan, 376 U.S. 254 (1964), the "small group theory" cannot be used to satisfy the "of and concerning" element of defamation when such defamation is directed at a governmental group.  The trial court also concluded that the statements at issue referred to conduct by the Elkton police department rather than Dean's conduct and therefore Dean had not pled a cause of action for defamation.[*]  We awarded Dean an appeal and for the following reasons, we will affirm the judgment of the trial court.

To prevail in a defamation cause of action, a plaintiff must establish that the alleged defamatory statements published were "of or concerning" him.  The Gazette, Inc. v. Harris, 229 Va. 1, 37, 325 S.E.2d 713, 738 (1985).  The exception to this general rule, recognized in Ewell v.

---

[*] One statement did refer to Dean by name, but the trial court concluded that this statement was not defamatory as a matter of law and this finding is not challenged on appeal.

2

Boutwell, was that if the defamatory language is directed towards "a comparatively small group of persons . . . and is so framed as to make defamatory imputations against all members of the small or restricted group, any member thereof may sue."  138 Va. at 411, 121 S.E. at 914.  Under this "small group theory" exception, a member of a small group need not show that the allegedly defamatory statements were directed specifically at the member bringing the action to satisfy the "of and concerning" element of common law defamation.

The continued viability of this exception has been called into question when the small group is a governmental agency. In New York Times v. Sullivan, the United States Supreme Court considered a defamation action brought by a city commissioner who supervised the police department based on conduct ascribed to the police force in a newspaper advertisement.  The Alabama Supreme Court concluded that the "of and concerning" requirement was satisfied based on the "common knowledge" that a police commissioner was responsible for the actions of the police department, even though the police commissioner was not implicated by name or office in the offending advertisement. New York Times, 376 U.S. at 263.  The United States Supreme Court opined that references to the "police" or the "Police Department" could not be considered personal criticism of the police commissioner, even if evidence was produced that some

3

readers understood that the police commissioner was ultimately responsible for the police department and the alleged defamation, therefore, necessarily referenced the police commissioner. Id. at 289-90. Thus, the Supreme Court rejected the holding of the Alabama Supreme Court that the "of and concerning" element of a common law defamation action was met. Id. at 288.

Central to the Supreme Court's decision was the principle that prosecutions for libel of government have no place in American jurisprudence. Id. at 291-92. The Supreme Court reasoned that to read a general reference to the police force as a reference to a specific person "would sidestep" this principle by "transmuting criticism of government, however impersonal it may seem on its face, into personal criticism, and hence potential libel, of the officials of whom the government is composed." Id. at 292. Such a proposition "strikes at the very center of the constitutionally protected area of free expression." Id. Thus, the Supreme Court concluded that "such a proposition may not constitutionally be utilized to establish that an otherwise impersonal attack on governmental operations was a libel of an official responsible for those operations." Id.

New York Times v. Sullivan did not specifically address the "small group theory" but it did establish that a reference

4

to a governmental group cannot be treated as an implicit reference to a specific individual even if that individual is understood generally to be responsible for the actions of the identified governmental group.  The rationale of the Supreme Court in New York Times did, however, foreshadow the Court's holding in Rosenblatt v. Baer, 383 U.S. 75 (1966), which directly addressed the "small group theory."

In Rosenblatt, the defendant published a column in a newspaper raising questions about the operation of a recreational area in prior years when the plaintiff, under the direction of two elected Commissioners, supervised the recreational area.  There was no direct reference to the plaintiff, but the plaintiff's witnesses testified that they "read the column as imputing mismanagement and peculation" during plaintiff's term as supervisor.  Rosenblatt, 383 U.S. at 79.  New Hampshire law allowed recovery by a member of a group if the jury found that the defamatory publication "cast suspicion indiscriminately on the small number of persons who composed the former management group, whether or not it found that the imputation of misconduct was specifically made of and concerning [the plaintiff]."  Id. at 79-80.  The Supreme Court rejected this theory, stating that allowing recovery on such a basis is "tantamount to a demand for recovery based on libel

5

of government, and therefore is constitutionally insufficient." Id. at 83.

Following the opinion in Rosenblatt, there is little question that the use of the "small group theory" alone as the basis for satisfying the "of and concerning" element of a common law defamation action against a governmental actor does not survive constitutional scrutiny. An allegedly defamatory statement which imputes misconduct generally to a governmental group constitutes libel of government, for which there is no cause of action in American jurisprudence. New York Times, 376 U.S. at 291-92. A member of a governmental group against which an allegedly defamatory statement is made can sustain a common law action for defamation only if that member can show the statement specifically implicated that member or each member of the group. Rosenblatt, 383 U.S. at 81-82. Such implication can be shown by extrinsic evidence, but evidence that others "understood" the implication based solely upon a plaintiff's membership in the referenced group will not satisfy the "of and concerning" requirement.

Dean nevertheless asserts that alleging a cause of action based on the "small group theory" is sufficient to withstand a demurrer and that he should be allowed to proceed to trial to introduce evidence demonstrating that the statements in issue are "of and concerning" him. We disagree.

6

A demurrer is based on the contention that a pleading does not state a cause of action or fails to state facts upon which the relief demanded can be granted. Code § 8.01-273. Dean's pleadings contain the defamatory statements referring to Elkton "law enforcement," police department, or police force, but contain no allegations, factual or otherwise, addressing how the articles reference Dean specifically or could be understood to do so, except based on his status as a police officer. As we have just discussed, the "of and concerning" element of common law defamation cannot be satisfied as a matter of law by either the "small group theory" or allegations and evidence that readers of allegedly defamatory statements understood the statements referred to a member of the governmental group based solely on that person's membership in the identified governmental group. Rosenblatt, 383 U.S. 79, 82-83; New York Times, 376 U.S. at 258, 288-89. The mere conclusory statement that the articles are "of and concerning" Dean does not satisfy the pleading requirement of alleging facts upon which relief can be granted in this case, and therefore Dean's pleading was insufficient to withstand a demurrer.

Accordingly, we conclude that the trial court did not err in sustaining Dearing's demurrer and dismissing Dean's common law action for defamation.

7