COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


SHARON FINAN LEHMAN
                                            OPINION BY
v.    Record No. 3154-01-1           JUDGE ROBERT P. FRANK
                                          AUGUST 13, 2002
DAVID MICHAEL LEHMAN


             FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                     William H. Shaw, III, Judge

         Brian H. Jones (Pitney Jones & Fantl, PLC, on
         brief), for appellant.

         McClanahan Ingles (Martin, Ingles & Ingles,
         Ltd., on brief), for appellee.


     On appeal, Sharon Finan Lehman (appellant) contends the trial

court erred in sustaining a demurrer to her bill of complaint,

which sought to set aside a final decree of divorce.  For the

reasons stated herein, we affirm the trial court's judgment.

                            BACKGROUND

     A demurrer responds to a pleading by asking that the suit be

dismissed because the pleading "does not state a cause of action

or fails to state facts upon which the relief demanded can be

granted."  Dean v. Dearing, 263 Va. 485, 490, 561 S.E.2d 686, 689

(2002) (citing Code § 8.01-273).

              A demurrer will be sustained if the motion
              for judgment, considered in the light most
              favorable to the plaintiff, fails to state a
              valid cause of action.  In reviewing a trial
              court's judgment sustaining a demurrer, we

> will consider as true the facts alleged in the motion for judgment, the facts impliedly alleged therein, and the reasonable factual inferences that can be drawn from the facts alleged.

McDermott v. Reynolds, 260 Va. 98, 100, 530 S.E.2d 902, 903 (2000) (citations omitted).  See Faulknier v. Shafer, 264 Va. 210, 563 S.E.2d 755 (2002) (explaining the nature of a demurrer).  Accordingly, we will consider the facts stated in the bill of complaint and those reasonably and fairly implied or inferred therefrom in the light most favorable to appellant.  However, we do not accept as true the conclusions of law in the bill of complaint.  See Delk v. Columbia/HCA Healthcare Corp., 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000).

So viewed, appellant and David Michael Lehman (appellee) were divorced by a final decree entered on October 13, 1998, by the Circuit Court for Gloucester County.  The final decree was "consented to by the parties and submitted as an agreed upon Decree."  This decree did not require appellant to pay child support, although she "owe[d] a presumptive amount . . . of $79.00 [per month]."  This provision was negotiated by the parties, through their counsel, in consultation with the presiding judge.[1]  Appellant further alleged the final decree

---

[1] While appellee contests this allegation, and others, in the bill of complaint, we take the alleged facts as true.  See McDermott, 260 Va. at 100, 530 S.E.2d at 903.

-

contained no written findings of fact to explain this deviation from the child support guidelines' recommendation.

In exchange for her release from an obligation to pay child support, appellant waived her marital interest in appellee's military pension, as recited in a consent decree entered by the trial court on August 24, 1998, nunc pro tunc as of January 23, 1998. The final decree referred to the terms of the consent decree as "in the nature of equitable distribution." The court made no further findings regarding equitable distribution.

After the entry of the final decree, appellee petitioned for child support in the Gloucester County Juvenile and Domestic Relations District Court. Appellant was ordered to pay $574 per month in child support for the two minor children. This amount was subsequently increased to $814 per month.

Appellant sought to vacate the final divorce decree and asked that "the parties be returned to their respective positions as existed prior to the entry of the Final Decree or, in the alternative, that [appellant] be granted her marital share of [appellee's] military retirement pay . . . ."

In the bill of complaint, appellant asserted the 1998 consent decree was void as against public policy because it provided that "[appellant] 'shall pay child support to [appellee] in an amount and on a schedule established in her discretion.'" Further, appellant contended a "failure of consideration" occurred when appellee "moved for and was granted

-

child support in contravention of the agreement of the parties [contained in the consent decree] and the terms of the Final Decree of divorce." Appellant further contended a "mistake of law was made in the entry of the Final Decree in that the Court failed to make written findings as to the reasons for deviation from the guidelines . . . ."

No other facts were alleged in the bill of complaint. Appellee did not crave oyer[2] to include the final decree or the consent decree in the pleadings.[3]

Initially, the trial court heard argument and orally sustained the demurrer, but continued the matter for

---

[2] Oyer can allow courts to consider written documents that are not included in a bill of complaint.

> When a demurrant's motion craving oyer has been granted, the court in ruling on the demurrer may properly consider the facts alleged as amplified by any written agreement added to the record on the motion.

Ward's Equip. v. New Holland N. Am., 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997) (citations omitted). Also, under Rule 1:4(i), accompanying exhibits mentioned in a pleading become part of the pleading. However, neither decree was attached as an exhibit to the bill of complaint.

[3] Neither the final decree nor the consent decree was included as part of the pleadings. Therefore, we limit our analysis to the provisions of the final decree as stated in the bill of complaint. While the final decree and the consent decree are contained in the appendix, neither decree is part of the record and, therefore, should not have been included in the appendix and will not be considered on appeal. See Rule 5A:10; 5A:25(d). See also Bernau v. Nealon, 219 Va. 1039, 1043, 254 S.E.2d 82, 85 (1979) (holding the appellate court can review only the documents in the record of the case on appeal and may not consider non-submitted documents from other, related cases).

-

consideration of sanctions against appellant.[4]  After receiving a motion to reconsider from appellant, the court on July 25, 2001, issued a letter opinion vacating "the previous ruling of the Court granting the demurrer."  While the trial court agreed with appellant that the final decree and consent decree were illegal and void, the trial court questioned whether rescission was the proper remedy and whether Rule 1:1 barred a review of the "agreement" in the consent decree.  The trial court invited counsel to brief those issues, which both parties did.

Upon review of the submissions, the trial court sustained the demurrer and dismissed the bill of complaint.  The trial court explained in a September 12, 2001 letter opinion:

> While the court may determine the legality
> of contract provisions regarding child
> support incorporated in its order, it has no
> jurisdiction to grant the requested relief.
> Jurisdiction aside, rescission should not be
> an available remedy because it would
> improperly credit an agreement made in
> violation of public policy.[5]

---

[4] A transcript of this hearing is not included in the record.  However, submissions by both counsel contained in the record indicate this hearing was held.

[5] The trial court apparently found the decrees were not void, so it had no jurisdiction over the case.  The court found in the alternative, even if the decrees were void on public policy grounds, rescission was not an appropriate remedy.  Since we agree with the trial court that it had no jurisdiction to review the decrees, we do not address the issue of rescission.

-

ANALYSIS

Appellant contends the final divorce decree is void as against public policy because appellee gave up the right to pursue child support in exchange for appellant's waiver of any interest in appellee's military retirement. She indicates this agreement was included in an August 1998 consent decree to which the final decree referred.

Appellant argues on appeal, "[C]onsent decrees are to be construed in the nature of contracts." Since appellee's consideration for the agreement, i.e., waiver of child support, was unenforceable, "illegal and void," then the consent decree "is also illegal and void."[6] Appellant concludes the final decree, which refers to the consent decree, must be vacated and "the parties [returned] to their positions prior to entry of those Orders in a manner akin to rescission of contract." Apparently, appellant contends since the consent decree must fall, the final decree must fall as well.[7]

We first address appellant's contention that the final decree and the consent decree are "void." When examining a

--------------------------------------------------

[6] The parties do not discuss Code §§ 20-149 and 20-155. Therefore, we do not address whether consideration is necessary in such agreements. See Dexter v. Dexter, 7 Va. App. 36, 47, 371 S.E.2d 816, 822 (1988) (noting Code §§ 20-149 and 20-155 eliminate the need for consideration in marital agreements made after July 1, 1986).

[7] The final decree, according to the bill of complaint, only "refers" to the consent decree. It does not incorporate its terms.

-

decree, courts should seek a result that "will achieve conformity" with the law rather than construe a document as void.  Parrillo v. Parrillo, 1 Va. App. 226, 230-31, 336 S.E.2d 23, 25-26 (1985).  See Riggins v. O'Brien, 263 Va. 444, 448, 559 S.E.2d 673, 675-76 (2002) (court orders carry "a presumption of correctness").  The presumption is against finding contracts void on public policy grounds.  See Dexter v. Dexter, 7 Va. App. 36, 48, 371 S.E.2d 816, 822 (1988) (citing Capps v. Capps, 216 Va. 378, 380, 219 S.E.2d 901, 903 (1975)); Parra v. Parra, 1 Va. App. 118, 128, 336 S.E.2d 157, 162 (1985) (noting settlements "'will be enforced unless their illegality is clear and certain'" (quoting Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980))).

Appellant relies upon Kelley v. Kelley, 248 Va. 295, 449 S.E.2d 55 (1994), to argue that the decrees are void.  However, this case is distinguishable on its facts.

In Kelley, both parties executed a property settlement agreement that provided, in part:

> The parties hereto agree, in consideration of Husband relinquishing all of his equity in the jointly owned marital home, that Husband shall never be responsible for payment of child support.  The [Wife] covenants and agrees never to file a petition in any Court requesting that [Husband] be placed under a child support Order because [Wife] has accepted all of [Husband's] equity in lieu of requesting child support.

-

> In the event [Wife] should <u>ever</u> petition any
> Court of competent jurisdiction for support
> and maintenance of [the children], and
> should a Court grant any such child support
> award, the said [Wife] hereby covenants and
> agrees to pay directly to [Husband], any
> amount of support that he is directed to pay
> to any party.  In other words, [Wife] is
> agreeing to hold harmless [Husband] from the
> payment of any amount of child support,
> regardless of the circumstances under which
> he is paying same.

<u>Id.</u> at 296-97, 449 S.E.2d at 55-56 (emphasis added).  The
property settlement agreement was ratified, affirmed, and
incorporated by reference into a final decree of divorce.  <u>Id.</u>
at 296, 449 S.E.2d at 55.

In holding that the challenged provision of the property
settlement agreement and a portion of the final decree were
"null and void [as] . . . violative of clearly established law,"
the Supreme Court noted the "parties contracted away the
Husband's legal duty to support his children and, in effect,
placed upon the Wife the sole duty of support.  Additionally,
. . . the court's power to decree support was diminished."  <u>Id.</u>
at 298, 449 S.E.2d at 56.

The <u>Kelley</u> Court further opined:

> Both parties owe a duty of support to their
> minor children.  Code § 20-61; <u>Featherstone
> v. Brooks</u>, 220 Va. 443, 448, 258 S.E.2d 513,
> 516 (1979).  A divorce court retains
> continuing jurisdiction to change or modify
> its decree relating to the maintenance and
> support of minor children.  Code § 20-108;
> <u>Featherstone</u>, 220 Va. at 446, 258 S.E.2d at
> 515.  Consequently, parents cannot contract
> away their children's rights to support nor

-

> can a court be precluded by agreement from exercising its power to decree child support. Id.; Carter v. Carter, 215 Va. 475, 481, 211 S.E.2d 253, 258 (1975); Scott v. Scott, 12 Va. App. 1245, 1247, 408 S.E.2d 579, 581 (1991).

Id.

Here, the parties did not "contract away their children's rights to support." The bill of complaint alleged the consent decree provided that "[appellant] shall pay child support to [appellee] in an amount and on a schedule established in her discretion." The bill of complaint also alleges the final decree did "not require [appellant] to pay child support despite owing a presumptive amount," in compliance with the parties' negotiated settlement.

In Shoup v. Shoup, 37 Va. App. 240, 250-51, 556 S.E.2d 783, 788 (2001) (en banc), this Court explained that the parties in a divorce can reach an agreement on child support without violating the principles in Kelley. Based on the allegations in the bill of complaint, the agreement here does not violate those principles.

First, appellant did not allege that the best interests of the children were ignored by the failure of the agreement to require her to pay $79 a month. See id. at 250, 556 S.E.2d at 788 (agreements must be consistent with the best interests of the child). Without this claim, and since the trial court approved the agreement, we must assume the court followed the

-

law and found the agreement was in the best interests of the children.  See Riggins, 263 Va. at 448, 559 S.E.2d at 675-76.

Additionally, the agreement does not "prevent the court from exercising its power to change, modify, or enforce its decree concerning the custody and maintenance of minor children."  Shoup, 37 Va. App. at 250, 556 S.E.2d at 788.  No language in the decrees attempts to preclude the court from exercising its continuing jurisdiction.

Third, the final decree does not terminate appellant's duty to pay child support, but instead makes no current award of child support.  See id. at 250-51, 556 S.E.2d at 788 (parties are prohibited "from terminating by contract a parent's duty to support a child").  For example, unlike in Kelley, 248 Va. at 297, 449 S.E.2d at 55-56, the parties' agreement here does not attempt to circumvent any subsequent award of child support by requiring appellee to "pay directly to" appellant the amount of any subsequent order of support.  Therefore, the challenged provisions of the consent decree do not violate public policy and are not void under the Kelley analysis.

Appellant also contends the consent decree is void due to a failure of consideration.  Appellant correctly states that a consent decree "'partakes of the nature of both a contract and a decree sanctioned by the court.  It is binding, however, only upon the consenting parties and not on them if procured by fraud or mistake.'"  Fuller v. Troy, 169 Va. 490, 494, 194 S.E. 668,

-

669 (1938).  See Durrett v. Durrett, 204 Va. 59, 63, 129 S.E.2d 50, 53 (1963); Barnes v. American Fertilizer Co., 144 Va. 692, 720, 130 S.E. 902, 911 (1925).

Appellant argues the provisions of the consent decree involving child support are void as against public policy; therefore, the decree lacks consideration and is invalid.  Since we hold the decrees are not void, her argument on lack of consideration fails as well.

The trial court initially questioned and asked for submissions from the parties on whether Rule 1:1 prevented review of the decrees, as more than twenty-one days had passed since their entry.  Rule 1:1 would not be an issue if the decrees were void.  See Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001).  The trial court ultimately ruled it had no jurisdiction to "grant the relief requested," which implies the court found Rule 1:1 barred further review of the decrees. If the decrees in question were void, then the trial court clearly would have had jurisdiction.  See Kelley, 248 Va. at 299, 449 S.E.2d at 57.  Therefore, the trial court implicitly found the decrees were not void.[8]  We agree with the trial court.

---

[8] As this case is a collateral attack on the final decree and consent decree, we do not address whether the decrees are voidable.

-

For the reasons stated above, we affirm the trial court's ruling.

<u>Affirmed.</u>