# CIRCUIT COURT OF THE CITY OF ROANOKE

Ronnie Lee Wykle

v.

Mary Elizabeth Wykle

April 10, 2006

Case No. CL06001542-00

By Judge Charles N. Dorsey

This matter is before the court on the Complainant's motion that the child support provision of the parties' property settlement agreement is unenforceable. For the following reasons, the Complainant's motion is granted.

*Facts*

Ronnie Lee Wykle and Mary Elizabeth Wykle, a married couple, entered into a Property Settlement Agreement ("Agreement"). The parties have one daughter, Savannah. Under the provision of the agreement titled "Support and Maintenance of the Minor Child," the parties agreed "in lieu of child supporting [sic] being awarded at this time, the Husband agrees to make the first and second mortgage payments until Savannah reaches the age of twenty-one years."

The agreement further stated that the real property that is the subject of the mortgage would "remain the sole and separate property of Ronnie Lee Wykle." It stated that Ms. Wykle would have "exclusive use and possession of said residence" and would reside in the home until Savannah's twenty-first birthday at which point Ms. Wykle must vacate the home in order for Mr. Wykle to obtain immediate possession. Mr. Wykle now moves that this provision of the agreement is not enforceable.

*Analysis*

By allowing Mr. Wykle to assume the mortgage payments in lieu of child support, the parties' agreement does not give a fixed support amount that this Court could modify or enforce and circuit courts have found provisions "in lieu of" to deprive the court of such jurisdiction. *Jaynes v. Jaynes*, 48 Va. Cir. 126, 132 (1999).

Under Virginia Code § 20-108, "a divorce court retains continuing jurisdiction to change or modify its decree relating to the maintenance and support of minor children." *Kelley v. Kelley*, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994). This right cannot be contracted away by the parents, and a court may not be barred from ordering child support because of an agreement between the parties. *Id.*

There are three limitations upon parties' right to contract with regards to child support. *Shoup v. Shoup*, 37 Va. App. 240, 250, 556 S.E.2d 783, 789 (2001). First, the agreement must be consistent with the best interests of the child. Second, the contract may not prevent the court from exercising its power to modify or enforce the support amount. Finally, the agreement may not terminate the parent's duty to pay child support. *Id.* at 250-51, 556 S.E.2d at 789. The Wykles' provision that mortgage payments would be in lieu of child support clearly deprives the court of its ability to exercise its jurisdiction to modify or enforce support and thus is void. It should also be noted that, although the Wykles' agreement is unenforceable, it is possible for an agreement to comply with these three limitations as well as the Supreme Court of Virginia's holding in *Kelly* and not require the actual payment of child support. *Lehman v. Lehman*, 38 Va. App. 598, 606, 567 S.E.2d 571, 575 (2002). The provision at issue violates the second prong of the *Shoup* test and is invalid. There is no need to address the other two prongs.

Counsel for Ms. Wykle asserts that Mr. Wykle is supporting his daughter by making the mortgage payments and that the provision is valid. This argument is similar to one asserted in *Jaynes v. Jaynes*. In that case, the husband assumed the marital debt in lieu of child support. He argued that, by making monthly payments towards the marital debt, he enabled the wife to have a greater cash flow and in effect more money for their child. *Id.* at 130. The trial court invalidated the parties' agreement as it did not give any child support amount or payment terms. The Wykles' mortgage payment in lieu of child support also does not give any child support amount or payment terms.

For the above reasons, complainant's motion is granted.