## CIRCUIT COURT OF THE CITY OF RICHMOND

Akila Bonner

     v.

Creative Hairdressers, Inc., et al.

August 3, 2012

Case No. CL11-3046

BY JUDGE MELVIN R. HUGHES, JR.

The court on July 26, 2012, heard defendants' Plea in Bar on the Statute of Limitations in this case.

In a prior proceeding, plaintiff, along with two other plaintiffs, filed a joint one-count Complaint on a claim of defamation and damages against the defendants herein. When defendants brought on a Motion to Dismiss, contending that the plaintiffs were improperly joined as co-plaintiffs and that their claims and remedies were independent, plaintiff took a nonsuit. Later, after first filing individually in the General District Court on the same claim of defamation, the three plaintiffs have now brought their individual claims here after the General District Court dismissed each of their individual claims without prejudice.

In their Plea in Bar, defendants contend that this plaintiff's Complaint is time-barred on the ground that the first suit was a nullity. As such, due to nullity, plaintiff does not enjoy the tolling provision of Va. Code § 8.01-229 by the filing of the first case, the applicable one-year statute of limitation has run on any cause of action said to arise on August 29, 2009, almost two years before plaintiff filed her Complaint here on June 23, 2011. Continuing, defendants assert that in order for the tolling provisions to apply to any nonsuited case, the parties and the cause of action in the second suit must be identical to the original case. Here, according to defendants, plaintiff's later filing of an individual claim alleging a distinct and individual cause of action is not a refiling of the original action. Thus, plaintiff is not entitled to

rely upon the prior action as a toll of her claim now advanced individually. The court will reject defendants' position.

By the pleadings in the first case, plaintiffs sued jointly in one proceeding, all named as plaintiffs on a group defamation theory based on an alleged defamatory remark covering all of them made by the defendant and her employer, based on vicarious liability. While there is authority for a small group theory for defamation, the theory has been approved for support of the "of and concerning" element in a claim for defamation, not for vindication of any joint right of action. *See Dean v. Dearing*, 263 Va. 485, 561 S.E.2d 686 (2002).

The first case suffered from the defect of misjoinder because the case was not one where plaintiffs were jointly affected by the alleged tortious act of the defendants. The case was one where each plaintiff, though an alleged victim of a group theory of defamation, probably has separate and distinct interests separately affected by the allegation of defamation.

The first case presented a problem of misjoinder, due to the assertion of an improper joint claim by the plaintiffs, a procedural defect. Va. Code § 8.01-5(A) provides that:

> No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any time as the ends of justice may require.

"Dropping" a misjoined party, which would have been appropriate in the first case, would not have been with prejudice to the rights of that party to proceed separately. The statute did away with misjoinder as a fatal defect and ameliorated the situation by merely allowing a party to "drop" the misjoined party. So, Va. Code § 8.01-229(E) allows for tolling of timely filed "action[s]" when dismissed "for any cause" without a determination of its merits. Thus, under the provisions of Va. Code § 8.01-229(E), the first action suspended or tolled the statute of limitations with respect to the claims of the misjoined plaintiffs.

Accordingly, this plaintiff has the benefit of suspension of time the statute would have run. Thus, plaintiff's claim in the instant suit is timely. The Plea in Bar is overruled.