184

## CIRCUIT COURT OF FAIRFAX COUNTY

Winfrey R. Host

v.

David L. Host

August 26, 2014

Case No. CL-2010-14830

By Judge Dennis J. Smith

This matter came before the Court on June 27, 2014, for a hearing on Father's Motion Regarding the Void Provisions in Final Divorce Order and the Agreed Order Modifying Child Custody. At the conclusion of the hearing, the Court took the matter under advisement.

*Background*

Winfrey Host ("Mother") and David Host ("Father") were divorced by Final Divorce Order ("FDO"), entered April 30, 2012. The FDO was a consent order, as it specifically recited that "the Parties having resolved all support . . . matters and all other matters raised by the Pleadings . . . and the Parties consenting to the entry of this Order as evidenced by the endorsement of this order by counsel for each party below. . . ." As a consent order, it is a contract between the parties and should be construed as though it were a contract. *Gazale v. Gazale*, 219 Va. 775, 779, 250 S.E.2d 365 (1979).

At the time of entry of the FDO, all three of the parties' minor children resided with Mother. The FDO states, *inter alia*, the following paragraphs:

> For the purposes of avoiding further litigation and establishing a monthly payment to [Mother] the Parties agree that [Father] shall pay [Mother] Two Thousand Dollars ($2000) per month in child support.

FDO ¶ 19, p. 4.

Beginning January 1, 2012, and continuing on the first day of each month thereafter, [Father] shall pay [Mother] Two Thousand Dollars ($2,000) per month for the support and maintenance for the Parties' minor children. This amount has been calculated by agreement of the Parties as an upward deviation from the presumed amount of Section 20-108.2, Code of Virginia, 1950, as amended. The amount of child support has been compromised and calculated to meet the needs of [Mother] and has taken into consideration in this cause which is supported by valuable consideration including [Mother]'s waiver of valuable property rights, [Mother]'s right to immediately collect *Pendente Lite* support arrearages, [Mother]'s right to recover attorney fees in this cause and [Mother]'s waiver of spousal support.

[Father] shall pay his child support directly to [Mother] and not through the Division of Child Support Enforcement unless [Mother] so requests. Each such payment shall be made such that the payment is received by [Mother] on or before the first day of each month. Time is of the essence in this provision.

Child support shall terminate only when all three of the Parties' minor children die or are emancipated upon attaining the age of eighteen (18). The ordered child support shall not be reduced or terminated when one or more of the Parties' minor children reside with [Father]. The ordered child support shall not be reduced or terminated when the first or second of the Parties minor children is/are emancipated.

When the third of the Parties' minor children is emancipated as provided above, [Father]'s obligation to pay child support shall cease. Child support may be modified upward due to a change in circumstances but may not be reduced.

[Father]'s obligation to make these payments is not reduced, terminated or modifiable upon the remarriage of the [Mother].

*Id.* at ¶ 4, pp. 11-13.

In the event that [Father] defaults on the obligation to pay support pursuant to this Order, [Father] shall pay all costs of enforcement of this Order including but not limited to reasonable attorney fees, costs, travel and lodging costs of [Mother], sheriff or special process server fees, court reporter and transcript fees.

*Id.* at ¶ 6, p. 13.

On July 31, 2013, the Court entered an Agreed Order Modifying Child Custody, which provided that the parties' oldest child, then age fourteen, would be in the primary physical custody of Father. The Order specifically stated:

> [Father] shall continue paying child support in the amount of two thousand dollars ($2,000) per month. This agreement shall not have any effect on child support and shall not serve as a means for decreasing [Father's child support obligations. The modification of primary custodial parent . . . shall not serve as a change in circumstances that could warrant any modification of child support.

Agreed Order, pp. 12-13.

In the present Motion, Father argues that the provisions of the FDO and the July 31, 2013, Order are void as they "modify [his] ability to seek any downward modification." Father contends that the void provisions are not severable from "related provisions" in the FDO, specifically the amount of support and the "penalty" provisions abating arrearages and requiring payment of fees. Finally, Father argues that he should be granted a credit against future support amounts, contending that this would not be a "retroactive modification," but rather a "new child support award retroactively." Mother argues in opposition that the provisions are not void, that they were supported by valuable consideration on the part of Mother, and that, even if the provisions are void, they are severable from the remainder of the FDO. (Consideration is not an issue as marital agreements are enforceable without consideration. *See* § 20-149 and § 20-155 of the Code of Virginia.)

*Analysis*

Parents have a constitutional right to make decisions concerning the care, custody, and control of their children. *See, e.g., Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S. Ct. 625, 67 L. Ed. 1042 (1923); *Pierce v. Society of Sisters,* 268 U.S. 510, 534-35, 45 S. Ct. 571, 69 L. Ed. 1070 (1925); *Prince v. Massachusetts,* 321 U.S. 158, 166, 64 S. Ct. 438, 88 L. Ed. 645 (1944); *see also Surles v. Mayer,* 48 Va. App. 146, 166, 628 S.E.2d 563 (2006). This right must be balanced, however, against the State's interests in minor children as *parens patriae. Troxel v. Granville,* 530 U.S. 56, 88, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000). The Court cannot infringe on the parents' rights to make such decisions simply because the judge believes a better decision could have been made. *See, e.g., Copeland v. Todd,* 282 Va. 183, 199, 715 S.E.2d 11 (2011). In the context of custody cases, Virginia law is clear that to override fit parents' decisions a court must find an actual harm to the child's health or welfare. *Williams v. Williams,* 256 Va. 19, 501

S.E.2d 417 (1998). In the context of agreements regarding child support, however, the appellate opinions seem to require only that the agreement be contrary to the best interests of the child for the court to have the authority to disregard its provisions. *See Shoup v. Shoup*, 37 Va. App. 240, 556 S.E.2d 783 (2001). It is my conclusion that the stricter standard set out in *Williams* should apply to ensure compliance with constitutional concerns, meaning that this Court will enforce the agreement's provisions regarding child support unless their enforcement will harm the child. It must be noted, however, that the result in this case would be the same regardless of which standard is used.

Under Virginia's statutory scheme, the parties may enter into a valid contract regarding child support, and the Court may incorporate all or part of such an agreement "provided the court determines that the terms of the agreement are in a child's best interest." *Blackburn v. Michael*, 30 Va. App. 95, 101, 515 S.E.2d 780 (1999). The seminal case on the validity of child support agreements which restrict the Court's authority regarding child support is *Kelley v. Kelley*, 248 Va. 295, 296-97, 449 S.E.2d 55 (2004). In the *Kelley* case, the parents agreed that, as long as the father relinquished all his equity in the jointly-owned marital home, he would never be responsible for child support. The Kelley's agreement was incorporated into their final divorce decree. *Id.* at 296, 55. The Virginia Supreme Court found this agreement to be void as it deprived the trial court of the opportunity to order support for the children from a particular parent. The Court emphasized that both parents owe a duty of support to their minor children, which cannot be contracted away, and the court always retains continuing jurisdiction to modify its decrees related to the maintenance and support of those minor children. *Id.* at 298, 56. In so ruling, the Court implicitly held that prohibiting a court from ordering child support from a parent capable of supporting was not in the child's best interests and would potentially harm the child.

Father argues that the agreements in the FDO and the July 31 order are similar to the *Kelley* agreement, but they are distinguishable. First, the agreements between the Hosts benefit the minor children and do not diminish their rights. Father agreed to pay more support than otherwise required under the guidelines. Father even agreed to pay when he normally might not be subject to pay, including when children are emancipated. Such agreements are valid and enforceable. *See Cutshaw v. Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52 (1979) (contract to pay child support post-emancipation); and *Tiffany v. Tiffany*, 1 Va. App. 11, 332 S.E.2d 796 (1985) (contract to pay post-emancipation college costs). The agreements at issue here do not "forever waive the children's right to support from one parent," and even expand the right of the children to obtain support from Father. *Orlandi v. Orlandi*, 23 Va. App. 21, 27, 473 S.E.2d 716, n. 3 (1996).

Significantly, in a recent case the Virginia Supreme Court analyzed the scope of the *Kelley* holding. Writing for a unanimous Court in *L.F. v. Breit*, 285 Va. 163, 736 S.E.2d 711 (2013), Justice Mims opined that the breadth of the *Kelley* decision is limited to voiding contracts which contract away their children's rights to support, and, as such, its rationale does not apply to contracts which create an avenue for children to obtain support from a parent. The contract at issue here expands the children's rights to child support by guaranteeing a minimum monthly amount to Mother while explicitly providing in decretal paragraph 4 on page 12 of 18 that "[c]hild support may be modified upward due to a change in circumstances but may not be reduced."

Father argues, however, that certain provisions "limit the court's continuing jurisdiction to modify child support." Father asserts that, because one of the minor children has begun living with him, that child is deprived of the support that Father continues to pay to Mother. However, nothing in the FDO or any subsequent order prevents this Court from ordering child support payable by Mother to Father. The Hosts did not contract away their children's right to receive support and the consent orders contain no language attempting to preclude the Court from exercising its child support jurisdiction. *See L.F. v. Breit, supra*, at 184; *Lehman v. Lehman*, 38 Va. App. 598, 606, 567 S.E.2d 571 (2002); *Shoup v. Shoup*, 37 Va. App. 240, 252, 556 S.E.2d 783 (2001).

## Conclusion

The parties' Final Divorce Order and the July 31, 2013, Agreed Order Modifying Child Custody contain no void provisions. Father agreed to pay more support than required under the guidelines, which benefitted the parties' children residing with Mother. Father's argument that the provisions deprive one minor child of support are incorrect, as nothing in the Final Divorce Order prevents Father from seeking support payments for that minor child from Mother. Having ruled that the provisions are valid, the Court declines to address the issue of severability of the challenged provisions of the consent orders.

## Order

This matter came before the Court on June 27, 2014, on Defendant's Motion Regarding the Void Provision in Final Divorce Order and the Agreed Order Modifying Child Custody. Upon consideration of the briefing of the parties, oral arguments, and supplemental briefing, it is hereby ordered that Defendant's Motion is denied.